UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COOL,

       Plaintiff,

v.                                       Case No. 1:05-CV-786
                                       Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

                                /

**REPORT AND RECOMMENDATION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of one or more orders entered by the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to Fed. Rules Civ. Proc. 12(b)(1) (docket no. 6).

       **I.**       **Background**

       Plaintiff filed an application for disability insurance benefits (DIB) on November 14, 1998 (AR 52-58). The application was denied, which resulted in a hearing before an Administrative Law Judge (ALJ) (AR 244-66). The ALJ denied plaintiff's claim in a decision dated June 13, 2000 (AR 12-19). On or about December 13, 2000, plaintiff appointed Edward Zglenski of GENEX Services, Inc., as his representative before the agency (AR 20). The representative's signature is illegible, but gives an address of 440 E. Swedesford Rd., Wayne, PA (AR 20). Plaintiff was represented at the hearing by Lisa Y. Williams, who was apparently an attorney at GENEX (AR

11, 244). Plaintiff filed a request for review with the Appeals Council on his own behalf, which was denied on September 12, 2000 (AR 5-8).

On May 10, 2001, plaintiff filed a separate application for DIB (the 2001 application) (AR 280). The Agency granted plaintiff's 2001 application on October 5, 2001, with benefits effective April 1, 2001 (AR 280).

On May 14, 2001, plaintiff, through his Attorney James R. Rinck, filed an appeal of the 1998 application. *See James E. Cool v. Commissioner*, No. 1:01-cv-297 (W.D. Mich.). The appeal resulted in the reversal and remand of the decision pursuant to 42 U.S.C. § 405(g). *See id.* (Opinion and Judgment, Aug. 27, 2002). Plaintiff filed a motion for fees and costs pursuant to the Equal Access to Justice Act, which the court granted in part and denied in part. *See Id.* (Opinion and Judgment, December 17, 2002).

Agency records reflect that in January 2003, plaintiff was scheduled for an examination related to the remand of the 1998 application (AR 281). Agency records reflect that plaintiff did not want to have the exam and did not want to pursue his 1998 claim (AR 281). Plaintiff advised the Agency that he did not have an attorney on the 1998 claim and wanted to withdraw it (AR 281). Plaintiff was advised "to stipulate" that he was withdrawing the claim (AR 281). Plaintiff wrote a letter to the Agency dated January 22, 2003 stating as follows:

> I withdraw my earlier application for 10-14-98.
> Please call me and let me know when you get this letter. Thank you.
> James Cool

(AR 286). Agency records reflect that plaintiff spoke to "Katherine" on January 31, 2003 (AR 285). At that time, plaintiff advised the agency that he had mailed a withdrawal letter and wanted to dismiss the 1998 application (AR 285). Agency records also reflect that Katherine spoke with

2

Elizabeth Guizik (apparently an attorney with GENEX), who advised the Agency that her firm no longer represented plaintiff (AR 284).

The ALJ dismissed plaintiff's 1998 claim in an order of dismissal entered February 6, 2003, which stated as follows:

> Order of Dismissal
>
> This case is before the Administrative Law Judge from an order of the Appeals Council vacating the Commissioner's final decision in this matter and remanding this case for hearing and adjudication in compliance with the decision by the United States District Court for the Western District of Michigan.
>
> During the pendency of the court case the claimant filed another application on May 10, 2001, and was granted Disability Insurance Benefits effective April 1, 2001.
>
> Social Security Administration Regulations No. 4 and/or No. 16 provide that an Administrative Law Judge may dismiss a request for hearing if at any time before the notice of the hearing decision is mailed, the claimant asks to withdraw the request (20 CFR 404.957(a) and/or 416.1457(a)). The claimant informed this office that he does not want to pursue benefits based on his first application and that he is no longer represented.
>
> Accordingly, the assumed request for hearing on the claimant's first application is hereby dismissed. The determination made on the first application dated August 30, 1999 remains in effect as does the determination dated October 5, 2001, by the State Disability Determination Service, awarding the claimant benefits effective April 1, 2001.

(AR 280). It appears that the ALJ made an error in this order in referring to "the first application dated August 30, 1999" (AR 280). As discussed above, the first application was filed on October 14, 1998 (AR 52-54). August 30, 1999 is the date of plaintiff's request for reconsideration, which the Agency denied on November 9, 1999 (AR 26-31). Despite this apparent error, the order was issued to dismiss "the assumed request for hearing on claimant's first application" that was before the Agency on remand (AR 280).

3

In a letter dated October 9, 2003, plaintiff's counsel in the federal litigation, James R. Rinck, expressed his objection to the order of dismissal (AR 274). Attorney Rinck noted that he had represented plaintiff in the Federal District Court, had been waiting for a notice as to when plaintiff's new hearing would be scheduled, and was surprised to learn from the United States Attorney's office that the case had been dismissed "without any notice to me whatsoever" (AR 274). Attorney Rinck continued:

> I have utterly no indication whatsoever from [plaintiff] that he was dissatisfied with my representation or that he was ending his case in any way. As of February 6, 2003 (the date of your dismissal order), my most recent correspondence to him had been a copy of the Judgment of the U.S. District Court, and I had received no indication from him whatsoever that he did not wish to go forward with another hearing.
>
> Obviously, I OBJECT to the dismissal in this matter, because I believe my client clearly is entitled to additional benefits. I also object to this case being dismissed without any notification to me whatsoever, when the mere fact that my client received a Federal Court remand would certainly be an indication that he was represented by counsel, as I know very few people who could handle such a matter In Pro Per. I would be very appreciative if your office would contact me at once regarding this matter. Thank you for your help in this matter.

(AR 274).

In a letter dated February 10, 2004, Attorney Rinck acknowledged that he "did receive a call" from the ALJ's office in response to his earlier letter, but the he "never received a ruling on this issue" (AR 273).

In a letter dated March 2, 2004, the ALJ advised Attorney Rinck as follows:

> I have read your correspondence dated February 10, 2004, and October 9, 2003, regarding [plaintiff]. As was explained to you, [plaintiff] voluntarily withdrew his request for a hearing and I issued the appropriate dismissal thereafter. We do not have an Appointment of Representative form from you in our file, which is why you were not involved. This claim is now closed and I no longer have any jurisdiction

4

over it. Any issues you have with the disposition of this claim need to be addressed through the Appeals Council.

(AR 272).[1]

In a letter dated March 8, 2004, Attorney Rinck filed an "appeal from the enclosed letter/decision of Administrative Law Judge (ALJ) Earl Witten dated March 2, 2004" with the Appeals Council (AR 269). In the appeal, Attorney Rinck stated that plaintiff retained him at the Federal District Court level and that he was successful in obtaining a remand (AR 269). Attorney Rinck further stated that:

> Nevertheless, because I did not have an Appointment of Representative form on file, the ALJ dismissed the case without consulting with me, although he apparently did consult with [plaintiff]. . . Clearly, this case cannot be dismissed without consulting with the attorney of record, and the fact that an attorney was involved was evident from the file.

(AR 269).

In a letter dated February 3, 2005, ALJ Barbara J. Johnson, advised plaintiff of the status of the matter and requested the following action from him:

> Please let us know within the next 30 days whether Mr. Rinck is your representative of record. If we do not hear from you, we will assume that you do not wish to be represented by Mr. Rinck.

(AR 268).

In a letter dated October 6, 2005, ALJ Johnson advised Attorney Rinck that the agency had received no response from plaintiff (AR 267). ALJ Johnson further advised Attorney

---

[1] 20 C.F.R. § 404.1707 provides the mechanism by which an attorney is appointed as a claimant's representative. The regulation requires a claimant to file a written notice of appointment stating that he wants the person to be his representative. 20 C.F.R. § 404.1707(a). Attorney representatives do not have to sign the notice of appointment. *Id.* at § 1707(b). The regulations further provide that "[w]e shall not consider any service the representative gave you in proceedings before a State or Federal court to be services as a representative in dealings with us." 20 C.F.R. § 404.1728(a).

Rinck that, "[t]he Appeals Council will not take any action on this case as we have determined that you are not authorized to represent the claimant in this matter" (AR 267).

On November 22, 2005, Attorney Rinck filed this suit to obtain "judicial review of a decision of the defendant adverse to the plaintiff." *See* docket no. 1. The complaint does not identify the date of the order subject to review. *Id.* Defendant filed her motion to dismiss on February 17, 2006. Plaintiff's response included a copy of an Appointment of Representative form, which plaintiff signed on May 25, 2001. *See* Exh. C attached to plaintiff's response. Attorney Rinck apparently signed the appointment on March 10, 2006. *Id.* Nothing in the record indicates that this form was filed with the Agency. The administrative transcript was filed and served on plaintiff's counsel on April 5, 2006. *See* docket no. 10. Plaintiff was given a extension of time to review the transcript and filed a supplemental response. *See* docket no. 12. This matter is now ripe for decision.

**II. Discussion**

**A. Legal standard**

Defendant has moved for dismissal of plaintiff's complaint pursuant to Rule 12(b)(1), for lack of jurisdiction under 42 U.S.C. § 405(g). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In the present case, the court must review the administrative record to determine whether plaintiff's appeal is properly before the court.

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). While § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and, (4) Appeals Council review. *See* 20 C.F.R. § 1400(a) (1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* § 1400(a)(5). Thus, two elements are necessary to enable a federal district court to review decisions of the Commissioner pursuant to § 405(g): the Commissioner must issue a final decision and the claimant must exhaust his administrative remedies. *Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991). Neither element is present in this case.

### A.   There is no final decision to appeal.

First, neither the February 6, 2003 order nor the March 2, 2004 "letter/decision" were final orders subject to judicial review. In *Sanders*, the Supreme Court reasoned that the agency's

denial of a petition to reopen a prior final decision, though binding on the parties, was not a reviewable decision under § 405(g) because such a petition could be denied without a hearing. *Sanders*, 430 U.S. at 108. This construction of § 405(g) is consistent with "Congress' determination . . . to limit judicial review to the original decision denying benefits." *Id. See, e.g., Matos-Cruz v. Commissioner of Social Security*, No. 98-1123, 1998 WL 1085788 (1st Cir. Oct. 7, 1998) (notice of dismissal pursuant to 20 C.F.R. § 404.957(a) which resulted from plaintiff's voluntary withdrawal of a hearing request was not an appealable final order); *Hilmes v. Secretary of Health and Human Services*, 983 F.2d 67, 70 (6th Cir. 1993) (holding that federal court lacked jurisdiction to review an administrative order dismissing a claimant's hearing request due to untimeliness).

### B. Plaintiff has not exhausted his administrative remedies.

Second, plaintiff never exhausted his administrative remedies with respect to either order. Plaintiff's withdrawal of the 1998 application resulted in the February 6, 2003 order of dismissal. Plaintiff was advised of his right to file objections to the order within 30 days and his right to request a 30-day extension to file objections (AR 275-79).[2] Plaintiff did not file any objections to this order. The only "order" purportedly appealed by Attorney Rinck was ALJ Witten's "letter/decision" of March 2, 2004 (AR 269). The Appeals Council took no action on Attorney Rinck's attempt to appeal the March 2, 2004 "letter/decision" because it concluded that he was not authorized to represent plaintiff in this administrative matter (AR 267). The Appeals Council's

---

[2] The agency sent plaintiff a Notice of Dismissal dated February 6, 2003 advising him to file a request to appeal within 60 days (AR 278-79). In a later letter dated February 24, 2003, the agency advised plaintiff that the February 6th notice was inappropriate and advised him of the appropriate appeal rights (AR 275-77).

8

conclusion is supported by the record, which indicates that plaintiff did not file a notice appointing Attorney Rinck as his representative.

### C. Plaintiff does not allege a constitutional claim.

Finally, the Sixth Circuit has interpreted *Sanders* as requiring a reviewing court to determine whether a claimant has established a colorable constitutional claim with respect to the agency's review. *See, e.g., Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992) ("[a]bsent any colorable constitutional claim . . . a federal court has no jurisdiction to review the Appeals Council's decision not to reopen"). Plaintiff does not allege a constitutional violation related to the ALJ's order of dismissal or the Appeals Council's decision rejecting Attorney Rinck's appeal.

### D. Conclusion

This court has no jurisdiction to review either the February 6, 2003 order of dismissal or the March 2, 2004 "letter/decision."[3]

### III. Recommendation

I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 6) be **GRANTED**.

Dated: May 22, 2006                   /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge

---

[3] The present appeal appears contrary to plaintiff's decision to withdraw his 1998 application. The court notes that plaintiff did not sign the complaint and has not submitted an affidavit or other document expressing disagreement with the ALJ's order of dismissal. In the supplemental response, Attorney Rinck states that "[p]laintiff clearly was not truthful with the case worker when he said he did not have an attorney." Supp. Response at 1. Attorney Rinck's statement, which impeaches his client's credibility, appears inappropriate and is suggestive of an absence of a viable attorney-client relationship.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).